UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAVID M. SARANDOS )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>VERNON D. SINGER et al. )<br>)<br>Defendants. )<br>)<br>) | Cause No. 4:19-CV-1849 JCH |

## MEMORANDUM AND ORDER

This matter is before the Court on the Motion of Defendants Vernon D. Singer and Kip Bilderback to dismiss the Plaintiff's claims. (ECF No. 6). The Motion is fully briefed and ready for disposition.

## DISCUSSION

On June 28, 2019, the Pro Se Plaintiff Sarandos filed the instant Complaint alleging two counts of identity theft. Plaintiff brought Count I for identity theft against Defendant Singer and Count II for identity theft against Defendant Bilderback. The Plaintiff also named several organizations including Millsap & Singer LLC, and Duetche Bank National Trust Company as entities the Defendants were allegedly doing business as. (ECF No. 1). On August 2, 2019, the Defendants moved to dismiss the case. (ECF No. 6). Defendant's argue that Plaintiff has failed to properly establish subject matter jurisdiction in this case, has failed to comply with the Federal Rule of Civil Procedure 8 pleading standard, and has failed to state any cognizable claim. (ECF No. 7).

1

## I. Legal Standard on Motion to Dismiss

Fed. R. Civ. P. 12(b)(6) provides for a motion to dismiss based on the "failure to state a claim upon which relief can be granted." To survive a motion to dismiss a complaint must show that "'the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the… claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)(quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). *See also Erickson v. Pardus,* 551 U.S. 89, 93 (2007).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a motion to dismiss. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)(citing *Twombly,* 550 U.S. at 555). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679 (citing *Twombly*, 550 U.S. at 556). The pleading standard of rule 8 "does not require 'detailed factual allegations,'" but it demands more than unadorned the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Further, in regard to a Rule 12(b)(6) Motion, the Supreme Court holds:

While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [citations omitted] a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure ' 1216, pp. 235-236 (3d ed. 2004).

*Twombly*, 550 U.S. at 555. *See also Gregory v. Dillard's, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009)(en banc)("[A] plaintiff 'must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims…, rather than facts that are merely consistent with such a right.'")(quoting *Stalley v. Catholic Health Initiative*, 509 F.3d 517, 521 (8th Cir. 2007)).

Additionally, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable." *Twombly*, 550 U.S. at 556 (citation omitted). "The issue is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support [his or her] claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (*abrogated on other grounds, Horlow v. Fitzgerald*, 457 U.S. 800 (1982)).

## II. Compliance with Federal Rule of Civil Procedure 8

Defendant argues that Plaintiff has failed to comply with Rule 8 of the Federal Rules of Civil Procedure (ECF No. 7). Rule 8 indicates that:

> A pleading that states a claim for relief must contain:
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). First, Plaintiff's Complaint fails to clearly indicate jurisdiction in this case. The Complaint also failed to clearly indicate under what statue or theory the Plaintiff seeks relief, and the Complaint contains few clear factual allegations. Allegations are to be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). It is necessary that the complaint allows the Court and the opposing party to determine if a valid claim has been alleged so that the Defendant can be given "fair notice of what the… claim is and the grounds upon which it rests." *Twombly,* 550 U.S., at 555.

A pro se complaint should be liberally construed. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2014)(citing *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). *See also Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995)(holding that in civil rights actions a complaint should be liberally construed when determining whether it has stated a cause of action sufficient to survive a motion to dismiss). "A pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Von Bokel v. McHugh*, No. 4:13-CV-2517 CAS, 2015 WL 357081, at *11 (E.D. Mo. Jan. 27, 2015). With these principals in mind the Court now turns to examine the sufficiency of Plaintiff's Complaint.

### III. Jurisdiction

Plaintiff asserts jurisdiction for both counts of his Complaint under 28 U.S.C. §1331. Plaintiff additionally asserts diversity in this case. The Plaintiff has not established facts sufficient to show that the Court has jurisdiction in this case.

28 U.S.C. §1331 establishes Federal Question Jurisdiction. For a claim to qualify for Federal Question Jurisdiction the Plaintiff must allege a cause of action arising under federal law or statue. "Under the well-pleaded complaint rule, federal question jurisdiction will only be found when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Hrabko v. Chemsico, Inc.*, 1993 WL 340924, at *1 (E.D. Mo. July 19, 1993)(citing, *Caterpillar Inc. v. Williams*, 482 U.S. 386 (1987)). "The mere suggestion of a federal question is insuddicient to establish jurisdiction of the Court." *Id.* citing *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir. 1990). "The right created by federal law must be an essential element of plaintiff's cause of action…" *Id.*, citing *Wieland v. Savetz*, 734 F.Supp. 409, 410 (E.D. Mo. 1900). "The burden of proof as to the existence of federal jurisdiction is on the party that claims jurisdiction exists. *Id.* citing *Bilal v. Kaplan*, 904 F.2d at 15. Plaintiff has not brought any claim under Federal Law and therefore, there is no jurisdiction under 28 U.S.C. § 1331.

28 U.S.C. § 1332(a) establishes Diversity Jurisdiction in certain circumstances. Under 28 U.S.C. § 1332(a), District Courts have original jurisdiction over all civil actions where the matter in controversy exceeds the value of seventy-five thousand dollars ($75,000.00), exclusive of interests and costs, and involves a controversy between citizens of different states. 28 U.S.C. §1332(a). Here the Plaintiff has not established, and Defendants deny, that they are citizens of a different state than the Plaintiff. (ECF No. 7 at 6). Therefore, diversity jurisdiction is absent in this case. Plaintiff's conclusory statement that "[j]urisdiction and venue are proper and this compliant is an action at law and is properly before this court" will not suffice. (ECF No. 1, at 4).

### IV. Plaintiff's Identity Theft Claim

Plaintiff in this case alleged identity theft but has failed to assert any actionable claim under the law arising from the alleged theft of his identity. Plaintiff has failed to argue any legal theory entitling him to relief. Plaintiff merely gives an overview of what constitutes identity theft generally. (ECF No. 1 at 3, 7). The Plaintiff alleges that Defendants, through unnamed organizations, threatened the Plaintiff with the taking of his home and money in exchange for certain financial and personal information or obtained information through a public domain about the Plaintiff. (ECF No. 1, at 4, 9). Plaintiff however does not argue elements sufficient for the Court to determine whether, if any, tort or contractual matter is at issue here.

A pro se plaintiff cannot be held to the same stringent pleading standards as an attorney. Therefore, the Court will allow the Plaintiff to file an amended complaint that more clearly describes his claims and the basis for jurisdiction in this case, in compliance with Rule 8's short and plaint statement requirement.

# CONCLUSION

Accordingly,

**IT IS HEREBY ORDERD** that Defendant's Motion to Dismiss is **DENIED** and that the Plaintiff has 14 days from the date of this Order to file a First Amended Complaint that complies with Fed. R. Civ. P. 8 and clearly alleges Plaintiff's cause of action and the appropriateness of Federal Jurisdiction.

Dated this 2nd day of October 2019.

/s/ Jean C. Hamilton

JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE