| | | |
|---|---|---|
| **DAVID M. SARANDOS** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Cause No. 4:19-CV-1849 JCH |
| **VERNON D. SINGER et al.** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the second Motion of Defendants Vernon D. Singer and Kip Bilderback to dismiss the Plaintiff's claims. (ECF No. 25). Plaintiff has failed timely to respond. Nevertheless, the motion is ready for disposition.

## DISCUSSION

On June 28, 2019, the Pro Se Plaintiff Sarandos filed his initial Complaint alleging two counts of identity theft. Pro Se Plaintiff brought Count I for identity theft against Defendant Singer and Count II for identity theft against Defendant Bilderback. The Plaintiff also named several organizations including Millsap & Singer LLC, and Duetche Bank National Trust Company as entities the Defendants were allegedly doing business as. (ECF No. 1). On August 2, 2019, the Defendants moved to dismiss the case. (ECF No. 6). On August 19, 2019, the Court sent a letter to Plaintiff requesting his response to the pending motion to dismiss. Plaintiff filed his response on August 26, 2019, and on October 2, 2019, the Court denied Plaintiff's first Motion to Dismiss and gave Pro Se Plaintiff leave to file an amended complaint in order to cure the deficiencies in his original complaint. Plaintiff filed his Amended Complaint with the Court on November 26, 2019 alleging the same. (ECF No. 24). On December 10, 2019, the Defendant moved to dismiss

Plaintiff's Amended Complaint for lack of subject matter jurisdiction and for failure to state a claim.

## I. Jurisdiction

Plaintiff asserts jurisdiction for both counts of his Complaint under 28 U.S.C. §1331. Plaintiff additionally asserts diversity in this case. The Plaintiff, in his Amended Complaint has not established facts sufficient to show that the Court has jurisdiction in this case.

28 U.S.C. §1331 establishes Federal Question Jurisdiction. For a claim to qualify for federal question jurisdiction the Plaintiff must allege a cause of action arising under a federal law or statue. "Under the well-pleaded complaint rule, federal question jurisdiction will only be found when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Hrabko v. Chemsico, Inc.*, 1993 WL 340924, at *1 (E.D. Mo. July 19, 1993)(citing, *Caterpillar Inc. v. Williams*, 482 U.S. 386 (1987)). "The mere suggestion od a federal question is insufficient to establish jurisdiction of the Court." *Id.* citing *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir. 1990). "The right created by federal law must be an essential element of plaintiff's cause of action…" *Id.*, citing *Wieland v. Savetz*, 734 F.Supp. 409, 410 (E.D. Mo. 1900). "The burden of proof as to the existence of federal jurisdiction is on the party that claims jurisdiction exists. *Id.* citing *Bilal v. Kaplan*, 904 F.2d at 15. Plaintiff has not brought any claim under federal law and therefore, there is no jurisdiction under 28 U.S.C. § 1331.

28 U.S.C. § 1332(a) establishes diversity jurisdiction in certain circumstances. Under 28 U.S.C. § 1332(a), District Courts have original jurisdiction over all civil actions where the matter in controversy exceeds the value of seventy-five thousand dollars ($75,000.00), exclusive of interests and costs, and involves a controversy between citizens of different states. 28 U.S.C. §1332(a). Here the Plaintiff has not established, and Defendants deny, that they are citizens of a different state than the Plaintiff. Specifically, Plaintiff alleges that "[he] has resided in St. Charles

County, Missouri… for all times material to this complaint." (ECF No. 24). Defendants assert that they are also citizens of Missouri. (ECF No. 26 at 7). Diversity jurisdiction is absent in this case and Plaintiff's claims will therefore be dismissed.

**CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERD** that Defendant's Motion to Dismiss (ECF No. 25) is **GRANTED**.

Dated this 8th day of January 2020.

/s/ Jean C. Hamilton

JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE